

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00215-CV

UTILITY CONSTRUCTION SERVICES, LLC, APPELLANT

V.

SAYERS CONSTRUCTION, LLC; PHILADELPHIA INDEMNITY
INSURANCE COMPANY; AND MARK SAYERS, APPELLEES

On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court No. 19-002239-V-272-, Honorable Travis B. Bryan, III, Presiding

December 9, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Utility Construction Services, LLC, appeals from the trial court's *Final Judgment* in favor of Appellees, Sayers Construction, LLC; Philadelphia Indemnity Insurance Company; and Mark Sayers.[1] Now pending before this Court is the "Joint Motion to Dismiss Appeal, Vacate Judgment, Apportion Costs, and Accelerate Mandate" in which the parties represent they have reached a settlement and request that we set

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013).

aside the trial court's judgment and remand the cause to the trial court for rendition of an agreed judgment. The motion is signed by counsel for all parties. Pursuant to Rule of Appellate Procedure 42.1(a)(2)(B), we grant the motion, reverse the trial court's judgment without passing on the merits of the appeal, and remand the cause to the trial court for rendition of judgment in accordance with the agreement of the parties. Per the parties' agreement, costs shall be taxed against the party who incurred them. TEX. R. APP. P. 42.1(d). Having reversed the trial court's judgment at the request of the parties, no motion for rehearing will be entertained and our mandate will issue forthwith.[2]

Per Curiam

---

[2] The parties' motion also requests that this Court "order that the deposit in lieu of supersedeas bond filed by UCS be released." Because trial court's rendition of judgment on remand will afford the parties the ancillary relief sought, we simply grant the portion of the motion requesting reversal and remand. *See Sandoz Nutrition Corp. v. Martinez*, No. 07-97-00066-CV, 1997 Tex. App. LEXIS 4831, at *2 (Tex. App.—Amarillo Sep. 3, 1997, no pet.).